Stanley Gartenstein, J.
The court has before it a proceeding pursuant to section 158 of the Family Court Act to hold the subject children as material witnesses in protective custody under its auspices for their appearance before a grand jury of Bronx County empanelled to consider evidence of a homicide allegedly committed by their mother in their presence. It is alleged by the petitioning District Attorney that the children have been secreted by their father and other relatives and are in physical danger.
Section 158 of the Family Court Act is one of the most under-cited and under-annotated found therein. Its text follows:
*70 "(a) The family court may place in protective custody .a person under sixteen years of age who is a material witness, as provided by law.
"(b) No order of protective custody under paragraph (a) may extend for a period of more than fourteen days. For good cause shown, the court may renew the order for additional periods of fourteen days, but the total period of protective custody under this part may not exceed forty-two days.”
In point of fact only one case is cited in McKinney’s Consolidated Laws of New York, Gise v Brooklyn Soc. for Prevention of Cruelty to Children (262 NY 114, rearg den 262 NY 664), a case in which the Court of Appeals considered the predecessor statute, Children’s Court Act (§ 6, subd 1) and upheld the court’s right to hold or remand thereunder even though the subject children in proceedings of this nature were neither neglected nor delinquent.
This opinion is therefore issued as a concise and not necessarily exhaustive guide for law enforcement and defense counsel appearing in this court to certain procedures interpolated by it of necessity, lacking prior statutory or case law authority and taking into account the court’s unique function of protecting those children who are its wards.
The court first holds that existing case law applicable to material witnesses in the criminal courts is also applicable in the Family Court where appropriate. The court further holds that proceedings pursuant to section 158 of the Family Court Act do not exclude a situation such as the one at bar where the pending case is in a court other than this one in which the application is brought.
In considering applications of this nature, the court will:
(a) . Appoint a law guardian in absentia to represent the interests of the subject children prior to the issuance of any process in this court and in all subsequent proceedings;
(b) . Issue forthwith process for the custodian of the children to produce them where it appears that they are in danger. The court has this power by interpolation of section 1032 of the Family Court Act, wherein the petitioning District Attorney may be considered a person to whom leave is granted by the court to bring on child protective proceedings;
(c) . Direct that upon the return of process, the subject children be examined in the court’s psychiatric clinic to *71 ascertain the trauma if any which might be occasioned by the sought-after testimony;
(d). Interview the children in camera (Matter of Lincoln v Lincoln, 24 NY 2d 270) or in the presence of the law guardian to ascertain the extent of knowledge, if any, possessed by said prospective witnesses.
Based on the foregoing procedures engrafted by the court it will determine any future application of this nature to come before it.
It is germane to point out here that the statute as now framed does not appear to conform philosophically with society’s updated knowledge concerning juveniles and their psychological makeup or with the recent trend affording the legal rights of juveniles greater recognition on a basis expanding almost daily. Perhaps this is due to the relative scarcity of proceedings of this nature brought to the court and the fact that legislative interest is centered elsewhere. A reconsideration and/or updating of this statute to conform to today’s philosophy of the juvenile court and its very special legal ramifications would appear to be in order.
Proceeding granted to extent indicated.