■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PAGANO, Appellant. [616 NYS2d 366] —Appeal from judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J., at speedy trial motion; Frank Diaz, J., at trial), rendered July 2, 1993, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously held in abeyance and the matter remitted to Supreme Court, Bronx County, for a hearing to afford the People an opportunity to provide racially neutral reasons for the exercise of their peremptory challenges in the first round of jury selection.

We find that the verdict was not based on legally insufficient evidence, nor against the weight of the evidence (People v Bleakley, 69 NY2d 490).

By the end of the second round of jury selection, the People had used six peremptory challenges, five of which eliminated five of the six available Caucasian panelists. Defendant, a Caucasian, therefore established a prima facie case of discrimination, and the court properly obtained explanations for the People's second-round challenges, which the court, whose determinations on this subject are entitled to great deference (People v Hernandez, 75 NY2d 350, 356-357, affd 500 US 352), properly found to be race-neutral. At that point, although defendant did not specifically renew his request for explanations of the People's first-round challenges, he renewed his general Batson (Batson v Kentucky, 476 US 79) application. Therefore, the court should have required the People to explain their first-round challenges, as well, and we remit for a hearing for that purpose (People v Scott, 70 NY2d 420, 426).

Defendant's speedy trial motion was properly denied. Defendant failed to preserve his claim that the People furnished insufficient medical proof that the complainant was unable to testify during a period which the court excluded under the "exceptional circumstances" provision (CPL 30.30 [4] [g]) and we decline to review in the interest of justice. Were we to review, we would find it without merit, because the medical affirmation (CPLR 2106) adequately supported the complainant's unavailability (see, People v Pomales, 159 AD2d 451, lv denied 76 NY2d 847).

We find defendant's remaining contentions to be largely unpreserved, and without merit. Concur—Sullivan, J. P., Carro, Wallach, Williams and Tom, JJ.