■ The People of the State of New York, Respondent, v Mitchell Mancini, Appellant. [616 NYS2d 613] —Appeal from judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered July 13, 1993, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 6 to 12 years, unanimously held in abeyance, the matter remitted to Supreme Court, Bronx County, for a hearing to afford the People an opportunity to provide racially neutral reasons for the exercise of their peremptory challenges in the first round of jury selection, and, for that purpose, the matter is to be joined with the appeal in *People v Pagano* (207 AD2d 685).

Under the standards set forth in *People v Bleakley* (69 NY2d 490, 494-495), defendant's guilt was proven beyond a reasonable doubt and the verdict was not against the weight of the evidence. Although the infant missing witness would have provided material, noncumulative evidence, her residence in England and the refusal of her family to permit her further involvement rendered her unavailable to the People and not under their control. As such, the court did not err in refusing to give a missing witness instruction. Counsel's failure to object to the court's curative instructions, which the jury is presumed to have followed, renders the claim unpreserved as a matter of law *(People v Santos,* 193 AD2d 560, *lv denied* 81 NY2d 1080).

For the reasons stated in codefendant Pagano's appeal, we hold this appeal in abeyance and remand for a *Batson* hearing *(People v Pagano, supra).*

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Williams, JJ.