■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. THE PEOPLE OF THE STATE OF NEW

York, Respondent, v Carlo Morillo, Appellant. [632 NYS2d 62] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered January 19, 1993, convicting defendant Garcia, after jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Judgments, Supreme Court, Bronx County (Fred Eggert, J.), rendered January 19, 1993, convicting defendant Morillo, after jury trial, of murder in the second degree, and after guilty pleas, two counts of criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent prison terms of 25 years to life, $1^1/_2$ to $4^1/_2$ years, $1^1/_2$ to $4^1/_2$ years, and 1 year, respectively, unanimously affirmed.

In the absence of written findings of fact and conclusions of law in connection with the *Wade* issues raised on appeal, those issues are determined by reference to the transcript of the full and fair hearing conducted herein (*People v Jones*, 204 AD2d 162, *lv denied* 83 NY2d 968). Based on that record, we find no police impropriety in connection with the photo and lineup procedures conducted. Rather, the identifying witness chose defendant Garcia's photo out of hundreds of photos, without any prompting or suggestion by any police personnel, and thereafter ultimately identified defendant Garcia from a lineup consisting of five individuals of remarkably similar appearance, again without any prompting or suggestion by police personnel.

Contrary to defendant Morillo's claim, the fact that the photo of the lineup in which defendant Morillo participated was lost sometime after trial does not give rise to an inference that the lineup was suggestive, since the hearing court had the opportunity to view the photo and determined that the lineup was not unduly suggestive (*People v Gonzalez*, 168 AD2d 283, *lv denied* 77 NY2d 961). (In fact, the photo was not lost.) We note that defendant Morillo's specific claims on appeal of an unduly suggestive lineup were made before the trial court and were rejected, and we also reject them.

Contrary to the claims of each defendant, the record supports the jury's determination that the testimony of the identifying witness was reliable (*People v Siu Wah Tse*, 91 AD2d 350, 352, *lv denied* 59 NY2d 679). The witness's concern for her son's safety prompted her to focus on the defendants and their activities below her fourth floor apartment window for approximately one minute, aided by excellent lighting conditions. The witness testified that the prescribed medicine she had taken several hours prior to this viewing did not dimin-

ish her alertness and the jury reasonably accepted that testimony in light of the fact that, despite a substantially increased dosage of prescribed medication that continued through trial, the witness subsequently made independent identifications of the defendants through photo and lineup procedures, and repeated the circumstances of her observations throughout extensive cross-examination (*supra*). Further, the hearing court's credibility determination on the matter of whether the identifying witness had inadvertently seen a photo of defendant Morillo prior to choosing his photo from an array, not unreasonable or unsupported by the record, will not be disturbed by this Court (*People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734).

There is no merit to defendant Garcia's claim that he was deprived of a fair trial by the prosecutor's cross-examination of a defense witness regarding the relationships between defendant Garcia, the victim, and the witness, and by a summation comment related thereto. The trial court properly sustained objections when the questioning and comment approached a possible inference of drug trafficking and gave the curative instructions requested by counsel. Presumably, the jurors understood and followed those instructions (*People v Davis*, 58 NY2d 1102).

The trial court properly denied defendant Morillo's request for a missing witness charge in connection with the son of the identifying witness. As noted by the trial court, the mother of the infant potential witness indicated repeatedly that she did not want her son to participate in the prosecution of this case, and thus the People lacked control over this potential witness (*People v Mancini*, 207 AD2d 730).

Defendant Garcia did not object to the portion of the jury charge on reasonable doubt that he now claims was "confusing", and thus did not preserve his current claim of error as a matter of law (*People v Thomas*, 50 NY2d 467, 472). In any event, the charge as a whole conveyed the appropriate legal principles (*People v Hurk*, 165 AD2d 687, *lv denied* 76 NY2d 1021).

Contrary to defendant Garcia's argument, we perceive no basis to reduce his sentence in the interest of justice. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Tom, JJ.