*59 OPINION OF THE COURT
Richard Ross, J.
In this proceeding filed pursuant to Family Court Act article 3, the respondent moves, inter alia, to dismiss counts one and two of the petition. The counts allege that the respondent committed acts which, if she were an adult, would constitute the crime of assault in the first degree in violation of Penal Law § 120.10 (1) (count one) and Penal Law § 120.10 (2) (count two). The respondent was 14 at the time the alleged acts were committed.
The respondent argues that the Family Court lacks jurisdiction with respect to these counts because, in the instant case, the respondent was not first charged in New York City Criminal Court as a juvenile offender and the case subsequently removed to Family Court. (See, Penal Law § 10.00 [18]; CPL 180.75, 190.71, 210.43, 220.10, 310.85, 330.25, 725.00.) The presentment agency argues that the Family Court has "concurrent jurisdiction” over these counts because they charge designated felony acts as defined in Family Court Act § 301.2 (8) and thus the court can proceed to determine whether the respondent committed the acts alleged in count one and count two even in the absence of removal from adult court.
A juvenile delinquency proceeding is one of the classes of proceedings over which the New York State Constitution gives the Family Court jurisdiction in the manner provided by law. (NY Const, art VI, § 13 [b].) Family Court Act § 115 (a) (vi) provides that Family Court has exclusive original jurisdiction over juvenile delinquency proceedings "as set forth in article three.” Family Court Act § 302.1 states that the Family Court has exclusive original jurisdiction over any proceeding to determine whether a person is a juvenile delinquent. Family Court Act § 301.2 (1) defines a juvenile delinquent as "a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult, (a) is not criminally responsible for such conduct by reason of infancy, or (b) is the defendant in an action ordered removed from the criminal court to the family court pursuant to article seven hundred twenty-five of the criminal procedure law.” Penal Law § 30.00 (1), in defining infancy, states that a person less than 16 years of age is not criminally responsible for conduct. Penal Law § 30.00 (2), however, sets forth certain offenses for which a person less than 16 years old is nevertheless criminally responsible. Those offenses include *60 acts constituting assault in the first degree pursuant to Penal Law § 120.10 (1) and (2), the crimes at issue herein.
Thus the State Legislature has made explicit its policy that a 14 year old who commits acts defined in Penal Law § 120.10 (1) and (2) is criminally responsible for those acts. (Penal Law § 30.00 [2]; § 10.00 [18].) The Legislature has explicitly described a juvenile delinquent, on the other hand, as an individual not criminally responsible. (See, Family Ct Act § 301.2 [1]; Penal Law § 30.00 [1].) The Legislature’s sharply drawn distinction in this regard must be read together with its specific provisions for removal of juvenile offenses to Family Court and its specific grant of jurisdiction to Family Court once removal occurs. This statutory scheme represents a clear statement of legislative intent that, absent removal, juvenile offenses are to be heard only in a court where, upon a finding of guilt, criminal responsibility can attach. (See also, Matter of Vega, 47 NY2d 543, 547-548 [1979].)
In view of the foregoing, the respondent’s motion is granted to the extent that count one and count two of the petition are dismissed.