■ In the Matter of ELIZABETH R., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of RAYMOND G., a Person Alleged to be a Juvenile Delinquent, Appellant. [663 NYS2d 565] —Order of disposition, Family Court (Judith Sheindlin, J.), entered on or about March 14, 1996, which adjudicated appellant Raymond G. a juvenile delinquent upon his admission that he committed an act which, if committed by an adult, would constitute the crime of assault in the second degree, and placed him with the Division for Youth, limited secure, for a period of 18 months, unanimously reversed, on the law, without costs, and the petition dismissed.

Order, Family Court, New York County (Richard Ross, J.), entered on or about June 3, 1996, which dismissed the first two counts of the delinquency petition filed against respondent Elizabeth R. on the grounds that the Family Court lacked subject matter jurisdiction over them, unanimously affirmed, without costs.

Order, Family Court, New York County (Mary Bednar, J.), entered on or about July 31, 1996, which dismissed the delinquency petition filed against respondent Elizabeth R. on speedy trial grounds, unanimously affirmed, without costs.

The Family Court (169 Misc 2d 58) properly granted the motion of respondent Elizabeth R., 14 years old when the alleged

crimes were committed, to dismiss the first two counts of the petition constituting assault in the first degree pursuant to Penal Law § 120.10 (1) and (2) on the grounds that the Family Court lacked subject matter jurisdiction over them. The State Constitution gives the Family Court jurisdiction over delinquency matters "in the manner provided by law." (NY Const, art VI, § 13 [b].) Family Court Act § 115 (a) (vi) provides that the Family Court has exclusive jurisdiction over juvenile proceedings "as set forth in article three." Family Court Act § 302.1 provides that the Family Court has exclusive jurisdiction over any proceeding to determine whether a person is a juvenile delinquent. Family Court Act § 301.2 (1) defines "juvenile delinquent" as "a person over seven and less than sixteen years of age, who, having committed an act that would constitute a crime if committed by an adult, (a) is not criminally responsible for such conduct by reason of infancy, or (b) is the defendant in an action ordered removed from the criminal court to the family court pursuant to article seven hundred twenty-five of the criminal procedure law." Finally, the pertinent portion of Family Court Act § 301.2 (8) defines a "designated felony act" as "an act which, if done by an adult, would be a crime * * * (ii) defined in section[ ] 120.10 (assault in the first degree)".

Conversely, Penal Law § 30.00 (1) provides that a person less than 16 years of age is not criminally responsible for conduct except as provided in subdivision (2). Subdivision (2) sets forth certain serious felonies for which a person less than 16 years old is nevertheless criminally responsible. Those offenses include acts constituting, *inter alia*, assault in the first degree, if the actor is 14 or 15 years of age (*see*, CPL 1.20 [42]; Penal Law § 10.00 [18]).

As the statutory scheme reveals, the Legislature has defined a juvenile delinquent as an individual not criminally responsible (Family Ct Act § 301.2 [1]). On the other hand, the Legislature has explicitly provided that a 14 year old who commits acts defined in Penal Law § 120.10 (1) and (2) is criminally responsible for those acts. In addition, the Legislature provided an elaborate mechanism for removal of criminal actions against juvenile offenders to the Family Court. Therefore, the court correctly rejected the argument that the Family Court possesses concurrent jurisdiction with the Criminal Court over the assault counts on the ground that they also constitute designated felony acts (Family Ct Act § 301.2 [8]), and properly found that absent an order of removal under CPL article 725, which was not obtained here, the Family Court lacked jurisdiction as to those counts.

The Family Court properly granted the motion of respondent Elizabeth R. to dismiss the petition on speedy trial grounds. Family Court Act § 340.1 (2) provides that where, as here, a respondent is not in detention, "the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance", absent "good cause" or "special circumstances", for an adjournment. Contrary to the argument of the presentment agency, the 60-day period began to run from Elizabeth R.'s initial appearance on the first petition, not from her appearance on the second petition (*Matter of Willie E.*, 88 NY2d 205, 209; *Matter of Tommy C.*, 182 AD2d 312). Here, Elizabeth R.'s initial appearance on the first petition occurred on April 22, 1996. Thus, she should have received a fact-finding hearing no later than June 21, 60 days later. However, by July 17, 1996, 86 days after the initial appearance, the fact-finding hearing had not yet commenced and no adjournments had been granted. Therefore, Elizabeth R.'s speedy trial rights were violated and the court properly dismissed the second delinquency petition. Further, dismissal of the first two counts of the petition did not render the petition a nullity inasmuch as the remainder of the petition constituted a viable and jurisdictionally sufficient petition.

The Family Court erred in denying the motion of appellant Raymond G., 14 years old when the alleged crimes were committed, to dismiss the first two counts of the petition charging assault in the first degree. As discussed previously, the charges constituted acts for which Raymond G. was criminally responsible and therefore the court lacked jurisdiction to entertain them absent an order of removal pursuant to CPL article 725, which was not obtained here. Since the remaining counts of the petition were less than Class C felonies, and since appellant was detained, appellant was entitled to a fact-finding hearing within three days of his initial appearance, unless an adjournment was granted by the court for good cause (Family Ct Act § 340.1 [1], [4] [a]). Review of the record reveals that Raymond G. initially appeared on February 8, 1996. On February 15, he unsuccessfully moved to dismiss the first two counts of the petition. The court then adjourned the fact-finding hearing to February 20, 1996, without a finding of good cause and in excess of the three-day adjournment permitted by statute. By February 20, 1996, Raymond G. had been detained for 12 days. Therefore, his speedy trial rights were violated, requiring dismissal of the petition. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Colabella, JJ. [*See,* 169 Misc 2d 58.]