■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GARDINE, Appellant. [740 NYS2d 52] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 24, 1996, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree and third degrees, and sentencing him to an aggregate term of 18½ years to life, unanimously affirmed.

The court properly refused to give a missing witness charge regarding a child who may have witnessed the murder. Defendant failed to make a prima facie showing that the child was in the "control" of the People (*see*, *People v Gonzalez*, 68 NY2d 424, 427-428).

The record established that the child, who was about 12 or 13 years old, refused to speak to the police, that the child's mother informed the police that she would not permit her son

to testify, and that efforts by the People to subpoena the child were fruitless. Under these circumstances, it would not be natural to expect the People to call the child as a witness (*see*, *People v Gonzalez*, *supra* at 429; *People v Garcia*, 219 AD2d 541, *lv denied* 88 NY2d 847; *People v Mancini*, 207 AD2d 730).

Neither the prosecutor nor the court confused the distinct concepts of control and availability. Under the particular circumstances, these concepts overlapped to a significant degree (*see*, *People v Mancini*, *supra*). The child and mother's refusal to cooperate, despite the People's efforts, not only went to the issue of control, but sufficiently established the child's unavailability (*see*, *People v Rivera*, 249 AD2d 141, *lv denied* 92 NY2d 904). We note that the People's ability to force a child to testify over parental objection may be more theoretical (*see*, Family Ct Act § 158; *Matter of People v Louise D.*, 82 Misc 2d 68) than practical.

The court properly exercised its discretion in refusing to permit a totally useless demonstration requested by defendant. A defense investigator had already testified that a certain distance relevant to the case was approximately 200 feet. By way of illustration, the investigator added that the hallway outside the courtroom was 157 feet long. There was no reason to interrupt the trial to take the jury into the hallway to see how long it was, since they passed through the same hallway several times a day throughout the trial.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Tom, J.P., Sullivan, Rosenberger and Friedman, JJ.