OPINION OF THE COURT
Donald J. Mark, J.
This case involves the interplay between the Criminal Procedure Law and the Family Court Act involving a material witness under the age of 16.
The defendant is charged with the crime of murder in the second degree, and pursuant to section 620.20 of the Criminal Procedure Law, the prosecutor brought this proceeding to adjudicate Shannon D., a female 15 years of age, as a material witness. The prosecutor properly alleged that the witness possessed material information relating to the murder and that she was evading his attempts to contact her for the scheduled trial. He further alleged that the witness had been previously determined by Family Court to be a person in need of supervi - sion in accordance with section 712 (a) of the Family Court Act, and that in accordance with section 738 of that Act a war - rant had been issued because she had absconded from a nonse-cure detention facility.
Pursuant to section 620.30 (2) (b) of the Criminal Procedure Law, this court issued a warrant which was executed, and the juvenile witness was taken into custody and arraigned pursuant to section 620.40 (1) of that law. The prosecutor requested that the witness, because of her prior history of absconding from Family Court placements in nonsecure detention facilities, be committed to a secure detention facility pending her hearing on this application, and if she were adjudicated a ma - terial witness, pending trial. The attorneys for the witness argued that this proceeding should have been commenced in Family Court because of section 158 (a) of the Family Court Act, and even if the forum were proper, her detention in a secure detention facility pending a hearing and/or trial would violate section 720 (2) of that Act.
The applicability of section 158 (a) of the Family Court Act to this proceeding will be considered first.
*705 That section provides as follows: “The family court may place in protective custody a person under sixteen years of age who is a material witness, as provided by law.”
The only case decided under this section was People v Louise D. (82 Misc 2d 68). There, the District Attorney brought a proceeding under this section to hold certain children as material witnesses in protective custody for their appearance before a grand jury empaneled to consider evidence of a homicide by their mother, and which children were secreted by their father. The Family Court, after finding that existing case law applicable to material witnesses in the criminal court was also applicable to the Family Court, nevertheless granted the application with certain conditions to ensure the welfare of the children. Besharov, Practice Commentaries (McKinney’s Cons Laws of NY, Book 29A, Family Court Act § 158, at 125-127), logically opines that “[Section] 158(a) * * * incorporates by reference the applicable procedures of Criminal Procedure Law (Article 620),” and referring to that case, “the reason for seeking the order in the Family Court is not apparent.”
At first blush this section and that case would seem to encompass any proceeding which involves a juvenile material witness. However, in that case the District Attorney chose the wrong forum, and the court assumed the jurisdiction of a criminal court. There are proceedings involving juveniles that are properly within the jurisdiction of the Family Court and others that are properly within the jurisdiction of a criminal court (see Matter of Elizabeth R., 243 AD2d 427, appeal dismissed 92 NY2d 843), and there are protective custody situations that obviously belong in the Family Court (see Matter of Mary S., 279 AD2d 896). This section would appear to relate only to a situation where a material witness order for a juvenile witness is sought in the Family Court for a proceeding brought in that court. Thus, despite the age of the witness in this case, this proceeding was properly originated in this court in accordance with article 620.
The applicability of section 720 (2) of the Family Court Act will now be considered.
That section provides as follows: “The detention of a child in a secure detention facility shall not be directed under any of the provisions of this article.”
The words “of this article” in that section refer to proceedings involving persons in need of supervision as defined in section 712 (a) of the Family Court Act. The juvenile witness in this case is within this category, and as indicated, is the subject *706 of a warrant from the Family Court for absconding from a non - secure detention facility.[2] As the attorneys for the witness claim, the Family Court’s only option is to place her in a non-secure detention facility again, because of the prohibition of that section (Matter of Jasmine A., 284 AD2d 452 [despite the fact that the person in need of supervision frequently violated the terms of her probation and eloped from a court-ordered treatment facility, the Family Court could not adjudicate her as a juvenile delinquent in order to remand her to a secure detention facility]).[3]
While the Family Court by virtue of section 720 (2) of the Family Court Act is restricted to remanding a juvenile-adjudicated as a person in need of supervision to a nonsecure detention facility, this court is not subject to the provisions of that Act, and its proceedings are governed by article 620 of the Criminal Procedure Law. Accordingly, this court equates its authority to commit an adult material witness “to the custody of the sheriff’ pending a hearing and/or trial in accordance with Criminal Procedure Law § 620.50 (3) (b) (see People ex rel. Van Der Beek v McCloskey, 18 AD2d 205) to the authority to remand a juvenile material witness to a secure detention facility.
At arraignment, Shannon D. was remanded to a secure detention facility, until her hearing the next day pursuant to section 620.50 (1) of the Criminal Procedure Law. Prior to the scheduled hearing, the parties agreed that the juvenile be adjudicated a material witness, that she be remanded to a non-secure detention facility, that she be electronically monitored by wearing an ankle bracelet, that she contact the Pre-Trial Release Program daily, that the Probation Department contact the facility daily and that she be especially supervised by the facility’s staff.[4] This agreement terminated the proceeding.

. After the arraignment of the juvenile as a material witness in this court, she was scheduled for an appearance in the Family Court pursuant to its warrant.

. In view of this decision, the prior case of Matter of Jennifer G. (182 Misc 2d 278) probably erroneously treated a person in need of supervision as a juvenile delinquent and remanded her to a secure detention facility.

. Although this court does not feel it is bound by section 158 (b) of the Family Court Act, it intends to comply with its time restrictions.