■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIA NAYYAR, Appellant. [772 NYS2d 1]—

Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered March 9, 2001, convicting defendant, after a nonjury trial, of endangering the welfare of a child, and sentencing her

to a term of one year, and order, same court and Justice, entered on or about March 20, 2003, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility were properly considered by the court, and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). There was sufficient evidence to corroborate the child victim's unsworn testimony (*see People v Groff*, 71 NY2d 101, 109-110 [1987]; *People v Daniels*, 37 NY2d 624, 630 [1975]).

The court properly exercised its discretion in permitting the prosecutor and the five-year-old victim's foster mother to have a private conversation with the victim in the middle of her testimony (*see People v Branch*, 83 NY2d 663 [1994]). This conference was for the sole purpose of comforting the child and it could not have caused any prejudice to defendant.

The court properly denied defendant's motion to vacate the judgment pursuant to CPL 440.10. The newly discovered evidence would not have affected the verdict (*see People v Salemi*, 309 NY 208, 215-216 [1955]), the prosecutor did not violate *Brady v Maryland* (373 US 83 [1963]), and the record establishes that trial counsel provided effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Williams, Marlow and Gonzalez, JJ.