■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MARIANO, Appellant. [831 NYS2d 113]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered June 19, 2001, convicting defendant, after a jury trial, of sodomy in the first and second degrees and endangering the welfare of a child, and sentencing him to an aggregate term of nine years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

The record supports the court's credibility-based determination, made after a hearing (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), that the prosecutor did not engage in any improper

discussions with a witness during a recess in her testimony. The prosecutor did nothing more than comfort the distraught witness (*cf. People v Nayyar*, 3 AD3d 387 [2004], *lv denied* 2 NY3d 764 [2004]). We note that the only reasonable interpretation of the court's pre-recess admonition was that the prosecutor and witness were not permitted to discuss the witness's testimony, and not that they were barred from having any conversation whatsoever.

The court properly denied defendant's request for a missing witness charge on the ground that the witness in question was not under the People's control (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]). Since this witness was a close relative of defendant as well as of the victim, and since he refused to cooperate with the prosecutor, there was no reason to presume that his testimony would be favorable to the People (*see People v Gardine*, 293 AD2d 287 [2002], *lv denied* 98 NY2d 651 [2002]).

Defendant did not preserve the constitutional aspects of his improper communication and missing witness arguments, and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Catterson, JJ.