The People of the State of New York, Respondent, 
against
James Wolfgeorge, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), rendered January 26, 2012, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered January 26, 2012, affirmed.
The verdict convicting defendant of attempted assault in the third degree (see Penal Law §§ 110.00/120.00[1]) and harassment in the second degree (see Penal Law § 240.26[1]) was not against the weight of the evidence. There is no basis for disturbing the court's credibility determinations, including its assessment of the testimony of the hospital medical staff and police. The trial court, as a fact finder, reasonably could conclude that when defendant struck the non-testifying victim, his wife, causing two lip lacerations which required 11 sutures to close, he did so with intent to cause physical injury (see Penal Law § 120.00[1]; Matter of Edward H., 61 AD3d 473 [2009]; Matter of Marcel F., 233 AD2d 442, 442-443 [1996]) and with the requisite intent to "harass, annoy and alarm" (see Penal Law § 240.26; People v Mack, 76 AD3d 467, 468 [2010], lv denied 15 NY3d 922 [2010]).
The non-testifying victim's statements to both a hospital police officer and an emergency room physician about how she sustained her injuries qualify for admission under the excited utterance exception to the hearsay rule (see generally People v Johnson, 1 NY3d 302, 306 [2003]). The record establishes that the victim was taken to the hospital immediately after being punched in the face and choked by the defendant, and that the victim, described by witnesses as "crying" and "visibly upset," was still under the stress of the incident (see People v Powell, 288 AD2d 5 [2001], lv denied 97 NY2d 732 [2002]). 
Defendant's contention that the victim's statement to the emergency room doctor should not have been admitted because it was not made for the purpose of diagnosis and treatment was unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the statement was admissible because the primary purpose of the conversation between [*2]the victim and the emergency room doctor was to render a diagnosis and administer medical treatment (see People v Duhs, 16 NY3d 405, 409 [2011]; see also People v Ortega, 15 NY3d 610, 619 [2010]).
The trial court properly exercised its discretion in denying defendant's request for a missing witness charge. The People demonstrated that the victim was unavailable because she had moved out of the jurisdiction, was "terrified" to testify against defendant and had repeatedly refused the prosecutor's offer to pay for her travel expenses and to keep her safe while in New York (see People v Mariano, 36 AD3d 504, 505 [2007], lv denied 8 NY3d 987 [2007]; People v Gardine, 293 AD2d 287, 288 [2002], lv denied 98 NY2d 651 [2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 28, 2017