█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAZARUS ROSEBORO, Appellant. [58 NYS3d 12]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered February 21, 2013, convicting defendant, after a jury trial, of two counts of promoting prostitution in the third degree, and sentencing him to concurrent terms of five years, unanimously affirmed.

The court providently exercised its discretion in declining to strike the testimony of the People's main witness, a teenage girl whose prostitution defendant was charged with promoting. There was no substantial risk of prejudice to defendant from the witness's invocation of her privilege against self-incrimination in response to questions on cross-examination regarding her continued prostitution activities after defendant's arrest and her ability to post escort ads herself. Although defendant sought to explore these matters in order to show that the witness was a self-employed prostitute, and that defendant did not advance or profit from her prostitution, defendant was still able to present this aspect of his defense (*see People v Chin*, 67 NY2d 22 [1986]; *People v Sims*, 209 AD2d 192 [1st Dept 1994], *lv denied* 84 NY2d 1015 [1994]). Furthermore, defense counsel and the codefendant's counsel were able to comment on the witness's refusal to answer in their summations, and the court instructed the jury that it could draw an adverse inference from her invocation of the privilege. Thus, the court properly fashioned a less drastic alternative to striking her testimony (*see People v Vargas*, 88 NY2d 363, 380 [1996]; *People v Visich*, 57 AD3d 804, 806 [2d Dept 2008], *lv denied* 12 NY3d 763 [2009]).

Defendant's challenge to the court's denial of a missing witness charge is unpreserved because defense counsel never requested the charge, and, despite several opportunities to do so, never joined the codefendant's request (*see People v Buckley*, 75 NY2d 843 [1990]; *People v Toledo*, 101 AD3d 571 [1st Dept 2012], *lv denied* 21 NY3d 947 [2013]), and we decline to review

it in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in denying a missing witness charge for a person with the dual status of being a former codefendant (having been charged in the indictment with promoting prostitution as a third defendant, and having pleaded guilty before trial to prostitution), as well as being one of the persons whose prostitution defendant was charged with promoting. The record demonstrates that she would not "naturally be expected" to provide testimony favorable to the People (*People v Kitching*, 78 NY2d 532, 536 [1991]). The uncalled witness's guilty plea did not obligate her to testify for the People, and the prosecutor stated that the witness was "uncooperative" from the outset, and had completely denied all involvement in prostitution and in posting related online escort ads (*see e.g. People v Mariano*, 36 AD3d 504, 505 [1st Dept 2007], *lv denied* 8 NY3d 987 [2007]). Moreover, her close relationship to defendant, as a goddaughter who lived with him, reinforces this conclusion (*see id.*). Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.