Appeals by the defendant from two judgments of the County Court, Orange County (De Rosa, J.), both rendered June 25, 2014, convicting him of attempted murder in the second degree, attempted as sault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree (three counts), endangering the welfare of a child, and criminal mischief in the fourth degree, under indictment No. 2012-00632, and criminal possession of a weapon in the fourth degree and resisting arrest, under indictment No. 2013-00331, upon jury verdicts, and imposing sentences.
 

 Ordered that the judgments are affirmed.
 

 Contrary to the defendant’s contention, the County Court providently exercised its discretion in declining to give a missing witness instruction to the jury, as the People established that the witness was not available despite the People’s diligent efforts to locate him and he was not within their control such that he would be expected to testify in their favor (see People v Savinon, 100 NY2d 192, 196 [2003]; People v Gonzalez, 68 NY2d 424, 428 [1986]; People v Gallardo, 58 AD3d 867 [2009]; People v Williams, 47 AD3d 854 [2008]; People v Jonas, 18 AD3d 779, 779 [2005]; People v Flowers, 275 AD2d 329, 330 [2000]; People v Aguirre, 201 AD2d 485 [1994]; People v Foust, 192 AD2d 718 [1993]).
 

 The defendant’s contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a “mixed claim” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Ockrey, 142 AD3d 511, 511 [2016]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Maxwell, 89 AD3d at 1109).
 

 The defendant’s contentions raised in his pro se supplemental brief regarding alleged prosecutorial misconduct are largely unpreserved for appellate review (see CPL 470.05 [2]; People v Dien, 77 NY2d 885, 886 [1991]) and, in any event, without merit. The prosecutor’s comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel’s summation, or otherwise did not deprive the defendant of a fair trial (see People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v King, 144 AD3d 1176, 1176-1177 [2016]; People v Nanand, 137 AD3d 945, 947-948 [2016]; People v Willis, 122 AD3d 950 [2014]; People v Hoke, 111 AD3d 959 [2013]; People v McGowan, 111 AD3d 850 [2013]). Further, his contention that the jury’s verdict under indictment No. 2012-00632 was repugnant is unpreserved for appellate review (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Graham, 307 AD2d 935 [2003]) and, in any event, without merit (see People v Trappier, 87 NY2d 55 [1995]; People v Middleton, 52 AD3d 533, 534 [2008]; People v Davis, 39 AD3d 873, 875 [2007]).
 

 The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.