People v Johnson (2018 NY Slip Op 03313)





People v Johnson


2018 NY Slip Op 03313


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6471 1905/11

[*1]The People of the State of New York, Respondent,
v
Shawn Johnson, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Daniel Lambright of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 8, 2013, convicting defendant, after a jury trial, of two counts of promoting prostitution in the third degree, and sentencing him to five years' probation, unanimously affirmed.
Defendant's argument concerning a witness's invocation of her privilege against self-incrimination in response to certain questions is essentially the same as an argument we rejected on a codefendant's appeal (People v Roseboro, 151 AD3d 526 [1st Dept 2017], lv denied 30 NY3d 983 [2017]), and we find no reason to revisit that determination or reach a different conclusion as to this defendant.
On the codefendant's appeal, we also rejected, by way of an alternative holding, a procedurally defaulted claim that the court should have granted a missing witness charge. Although this defendant, unlike the codefendant, preserved the issue, and although the uncalled witness may have shared a closer relationship with the codefendant than with this defendant, we likewise find no reason to reach a different result. There is no basis to have expected the uncalled witness to provide testimony favorable to the People as to either defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK