People v Alisuarez (2020 NY Slip Op 04959)





People v Alisuarez


2020 NY Slip Op 04959


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2017-13412
 (Ind. No. 883/15)

[*1]The People of the State of New York, respondent,
v
Jairam C. Alisuarez, appellant.


Randall D. Unger, Bayside, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Sharon Y. Brodt, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered November 27, 2017, convicting him of murder in the second degree (two counts), assault in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying the defendant's request for a missing witness charge. The defendant failed to meet his initial burden to demonstrate that the witness, who could not be located despite diligent efforts and who was hostile to the People, was under the People's control (see People v Lembhard, 154 AD3d 686).
Contrary to the defendant's contention, he was not deprived of a fair trial because the Supreme Court declined to give an interested witness charge for a witness who testified pursuant to a cooperation agreement. The court's charge as a whole, including an instruction that the jury may consider whether a witness hopes for or expects to receive a benefit for testifying and, if so, whether that benefit affects the truthfulness of the witness's testimony, "adequately conveyed to the jury the appropriate standard by which to evaluate the testimony of that witness" (People v Kettreis, 19 AD3d 706, 707; see People v Jones, 138 AD3d 1144, 1144-1145).
Furthermore, contrary to the defendant's contention, the People did not violate their obligations under Brady v Maryland (373 US 83). "To establish a Brady violation, a defendant must show that the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature, the evidence was suppressed by the prosecution, and prejudice arose because the suppressed evidence was material" (People v Breland, 178 AD3d 716, 717). "Brady does not require that disclosure be made at any particular point in the proceedings, but only that it be made in time for the defense to use it effectively" (People v McClinton, 180 AD3d 712, 713). Here, defense counsel conceded that a description of the perpetrator was turned over "a week" prior to the commencement of the trial, and the defendant did not seek to call the individual who provided the description. Since there is no indication that the People suppressed that evidence or that earlier disclosure might have had any effect on the outcome of the trial, the defendant failed to establish a Brady violation (see id.; People v Smith, 171 AD3d 1102, 1104). Further, there is no indication that the People suppressed either a witness's statement regarding his description of a vehicle or a [*2]witness's cooperation agreement, and the defendant was afforded a meaningful opportunity to use such evidence at trial (see People v Tripp, 162 AD3d 691, 692).
The defendant's contention that he was deprived of a fair trial because the People elicited testimony on cross-examination of a defense witness indicating that the defendant was incarcerated pending trial is unpreserved for appellate review (see CPL 470.05[2]; People v Zelaya, 170 AD3d 1206). In any event, under the circumstances presented, the prosecutor's cross-examination of a defense witness regarding the defendant's incarceration was not so egregious as to deprive the defendant of a fair trial (see People v Wilson, 141 AD3d 737, 738). Moreover, any error was otherwise harmless because there was overwhelming evidence of the defendant's guilt and no significant probability that any error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Thomas, 65 AD3d 1170, 1171-1172).
The defendant's contention that certain remarks made by the prosecutor during summation require reversal is unpreserved for appellate review, since the defendant either failed to object to the remarks at issue or made only a general objection, and he failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (see CPL 470.05[2]; People v Willis, 165 AD3d 984, 985). In any event, the challenged portions of the prosecutor's summation either were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defense summation, permissible rhetorical comment, or do not otherwise require reversal (see People v Rodriguez, 175 AD3d 721; People v Carter, 152 AD3d 786).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court