People v Harnett (2020 NY Slip Op 07588)





People v Harnett


2020 NY Slip Op 07588


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-02736
 (Ind. No. 1983/10)

[*1]The People of the State of New York, respondent,
v
Kelly Harnett, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant, and
appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette
Traill, Sharon Y. Brodt, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered March 25, 2015, convicting her of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the fourth degree after an eyewitness testified that he saw the defendant and the codefendant choke and kick the victim in a public park in the early morning hours of July 7, 2010, causing the victim's death.
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion, as it constituted an appropriate compromise which properly balanced the probative value of the proffered evidence against the potential prejudice to the defendant (see People v Smith, 18 NY3d 588, 593-594; People v Hayes, 97 NY2d 203, 207-208).
The defendant's contention that the Supreme Court erred in precluding evidence regarding the codefendant's tattoo is without merit, as the proffered evidence was irrelevant to the issues in the case (see generally People v Scarola, 71 NY2d 769, 777). Moreover, the defendant's contention that the court erroneously allowed the victim's sister to testify at trial is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit, since the sister's testimony was probative of the motive for the killing and tended to contradict a portion of the defendant's exculpatory statement to the police (see generally People v Royster, 43 AD3d 758, 759).
The defendant's contention that the Supreme Court erred in admitting into evidence certain autopsy photographs of the victim is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit, since the photographs illustrated and corroborated the testimony of other witnesses at trial and did not unduly prejudice the defendant (see People v Wood, 79 NY2d 958; People v Pobliner, 32 NY2d 356; People v Duren, 130 AD3d 842; People v Reed, 128 AD3d [*2]734).
The defendant has failed to preserve for appellate review her challenge to the legal sufficiency of the evidence (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon our independent review of the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The defendant's challenge to certain comments made by the prosecutor during summation is unpreserved for appellate review (see People v Banks, 74 AD3d 1214, 1215; People v Jones, 9 AD3d 374, 375). In any event, while a few of the comments may have been improper, these isolated remarks did not deprive the defendant of her right to a fair trial (see People v Martin, 161 AD3d 777, 778; People v Houston, 82 AD3d 1122, 1123).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in her pro se supplemental brief, are without merit.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court