People v Rivera (2021 NY Slip Op 03473)





People v Rivera


2021 NY Slip Op 03473


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-12014
 (Ind. No. 1654/18)

[*1]The People of the State of New York, respondent, 
v
Pedro Rivera, also known as Pedro Castaneda, appellant.


Stephen R. Mahler, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Sarah S. Rabinowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered October 1, 2019, convicting him of murder in the second degree, conspiracy in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial based on the People's alleged violations of Brady v Maryland (373 US 83). "To establish a Brady violation, a defendant must show that the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature, the evidence was suppressed by the prosecution, and prejudice arose because the suppressed evidence was material" (People v Breland, 178 AD3d 716, 717; see People v Rong He, 34 NY3d 956, 958; People v Alisuarez, 186 AD3d 1391, 1391). "Brady does not require that disclosure be made at any particular point in the proceedings, but only that it be made in time for the defense to use it effectively" (People v McClinton, 180 AD3d 712, 713; see People v Alisuarez, 186 AD3d at 1391; People v Perkins, 227 AD2d 572, 574; People v White, 178 AD2d 674, 675). Here, a statement allegedly made by Ramon Martines, which the defendant contends was exculpatory, was turned over to defense counsel during the People's case-in-chief and admitted into evidence during the defense case (see People v Tripp, 162 AD3d 691, 693). Moreover, defense counsel did not seek to recall any prosecution witnesses who had already testified for the purpose of conducting further cross-examination based on Martines's statement (see People v Alisuarez, 186 AD3d at 1391-1392; People v Tripp, 162 AD3d [*2]at 693). Accordingly, the defendant was afforded a meaningful opportunity to make use of Martines's statement, and there is no indication that earlier disclosure might have had any effect on the outcome of the trial (see People v Fuentes, 12 NY3d 259, 265; People v McClinton, 180 AD3d at 713). A statement allegedly made by Raul Ponce was turned over to defense counsel prior to the commencement of the trial, and there is no indication that the People suppressed Ponce's statement (see People v Alisuarez, 186 AD3d at 1392; People v Rispers, 146 AD3d 988, 989).
Contrary to the People's contention, the defendant preserved for appellate review his contention that he was deprived of the right to present a defense by the Supreme Court's failure to admit Ponce's statement into evidence at trial (see CPL 470.05[2]). Nevertheless, the court properly precluded Ponce's statement because the statement was hearsay and was not a declaration against penal interest (see People v Morgan, 76 NY2d 493, 495; Moody v United States, 82 A3d 769, 778 n 10 [DC 2013]).
The defendant's contention that certain statements made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Harnett, 189 AD3d 1261, 1263), and we decline to review it in the exercise of our interest of justice jurisdiction.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court