People v Smith (2022 NY Slip Op 01051)





People v Smith


2022 NY Slip Op 01051


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-12112
 (Ind. No. 17-00551)

[*1]The People of the State of New York, respondent,
v
Sincere Smith, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Ann E. Minihan, J.), rendered August 28, 2018, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of assault in the second degree, after a jury trial, in connection with his participation in an assault on the owner of a barbershop at the barbershop in New Rochelle. The defendant's contention that the evidence was not legally sufficient is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see Penal Law § 120.05[2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly denied the defendant's request for a missing witness charge with respect to a 12-year-old child witness who observed the events at issue. A party seeking a missing witness charge must demonstrate "that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that such party has failed to call him to testify" (People v Gonzalez, 68 NY2d 424, 427; see People v Smith, 33 NY3d 454, 458-459). When the party opposing the charge demonstrates that the witness is not "available" or under the opposing party's "control," or otherwise rebuts the prima facie showing, "the proponent retains the ultimate burden to show that the charge would be appropriate" (People v Smith, 33 NY3d at 459; see People v Gonzalez, 68 NY2d at 427).
Here, although the defendant showed that the child witness was knowledgeable about the incident at issue, would be expected to testify favorably to the prosecution, and was not called to testify (see People v Smith, 33 NY3d at 460; People v Gonzalez, 68 NY2d at 430), the People described their diligent efforts to locate the child witness and persuade him to testify and the refusal by the child's family to allow him to speak to the prosecution or to testify. Under these circumstances, the Supreme Court properly denied the defendant's request for a missing witness charge (see People v Gardine, 293 AD2d 287, 287-288; People v Garcia, 219 AD2d 541, 543; see also People v Lembhard, 154 AD3d 686, 686).
The defendant was not deprived of the effective assistance of counsel (see People Caban, 5 NY3d 143, 152; People v Lane, 189 AD3d 1265, 1267).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court