Matter of Omar G. (2023 NY Slip Op 00085)

Matter of Omar G.

2023 NY Slip Op 00085

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2022-01745
2022-01746
 (Docket No. D-1409-2020)

[*1]In the Matter of Omar G. (Anonymous), appellant.

Austin I. Idehen, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Deborah E. Wassel of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Omar G. appeals from (1) an order of fact-finding of the Family Court, Kings County (Alan Beckoff, J.), dated January 21, 2022, and (2) an order of disposition of the same court dated March 9, 2022. The order of fact-finding, after a hearing, found that the appellant committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second degree, criminal possession of a firearm, endangering the welfare of a child, and obstructing governmental administration in the second degree. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a hearing, adjudicated the appellant a juvenile delinquent.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, the order of fact-finding is modified accordingly, and the matter is remitted to the Family Court, Kings County, for a new fact-finding hearing on the count of the petition charging criminal possession of a weapon in the second degree.
The appellant, an adolescent offender (see CPL 1.20[44]), was charged in the Criminal Court with criminal possession of a weapon in the second degree, among other offenses, based on an incident during which he brandished a gun in the presence of his mother, his nine-year-old brother, and the appellant's infant daughter in the family's apartment. This juvenile delinquency proceeding was initiated by the removal of the criminal action from the Criminal Court to the Family Court pursuant to Criminal Procedure Law article 725 (see Family Court Act § 311.1[7]).
At a fact-finding hearing in the Family Court, a recording of the call placed by the mother to the 911 emergency number during the incident was admitted into evidence under the [*2]excited utterance exception to the hearsay rule. During this call, the mother told the 911 operator, in an anxious tone and without being prompted, that "I need police. . . . My son's got a gun and he's waving it. . . . I have kids in the house." She indicated that she needed to return to the apartment, which she had left in order to make the call.
The Family Court also admitted into evidence, again under the excited utterance exception, a video recording of a statement made by the mother during questioning by police officers in the apartment after the appellant had been arrested and taken to a police station, and permitted a police officer to testify as to the contents of the mother's statement. While being interviewed by police officers, the mother recounted to the police officers that the appellant, while displaying a gun, said to her "I will boom you," and also said that he would "boom" the mother's boyfriend.
After the fact-finding hearing and a dispositional hearing, the Family Court, inter alia, found that the appellant committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second degree, criminal possession of a firearm, endangering the welfare of a child, and obstructing governmental administration in the second degree, and adjudicated him a juvenile delinquent. This appeal ensued.
The appellant has cited no authority that supports his contention that the petition must be dismissed in its entirety because the Family Court was divested of jurisdiction when the presentment agency filed a superseding petition that added a count alleging conduct that would constitute attempted criminal possession of a weapon in the second degree. To the extent that it was improper to add the new count since it charged conduct for which the appellant could be held criminally responsible and the Family Court therefore had no original jurisdiction over that count (see Matter of Raymond G., 93 NY2d 531), the appropriate remedy would be dismissal of the improperly added count (see Matter of Elizabeth R., 243 AD2d 427, 427-428, 429, affd 93 NY2d 531). Since no finding adverse to the appellant was made with respect to the count alleging conduct that would constitute attempted criminal possession of a weapon in the second degree, no remedial action is warranted.
Contrary to the appellant's contention, the recording of the mother's 911 call fell within the excited utterance exception to the rule against hearsay. The mother made the call immediately after a startling and disturbing event, while she was still concerned for the safety of the two children in the apartment, and her demeanor indicated that the statements represented "impulsive and unreflecting responses" to the startling event (People v Caviness, 38 NY2d 227, 231; see People v Thomas, 187 AD3d 949, 950; People v Jaber, 172 AD3d 1227, 1230).
The Family Court erred, however, in admitting as excited utterances the statements subsequently made by the mother while being interviewed by police officers in her apartment. Those statements, made after the appellant had been handcuffed and removed from the scene, were not spontaneous, but were made in narrative form and in response to prompting, after sufficient time had passed to render the mother capable of engaging in reasoned reflection (see People v Johnson, 1 NY3d 302, 306-307; People v Leach, 137 AD3d 1300, 1300-1301). Although the mother raised her voice and became agitated as she recalled the incident, she was no longer acting under the stress of the incident itself, and her tone "did not evidence an inability to reflect upon the events" (People v Cantave, 21 NY3d 374, 382).
While the error in admitting the mother's out-of-court statements that the appellant threatened to "boom" her and her boyfriend had no apparent effect on the Family Court's findings as to the counts charging criminal possession of a firearm, endangering the welfare of a child, and obstructing governmental administration in the second degree, those statements supplied proof of the appellant's intent to use the gun unlawfully against another (see Penal Law § 265.03[1]). Thus, the error in admitting those statements was not harmless with respect to the charge of criminal possession of a weapon in the second degree, and the presentment agency does not argue otherwise.
The appellant's remaining contentions are without merit.
Accordingly, the appellant is entitled to a new fact-finding hearing on the count of the petition charging criminal possession of a weapon in the second degree.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court