■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS PINKAS, Also Known as MORRIS PINKASOVITZ, Appel-

lant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 13, 1988, convicting him of attempted rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, indictment No. 3701/87 is severed from indictment No. 2165/86 and reinstated, and the matter is remitted to the Supreme Court, Queens County, for separate trials on those indictments. The facts have been considered and determined to have been established.

The defendant was initially indicted for the crimes of sexual abuse in the first degree and endangering the welfare of a child under indictment No. 2165/86. These charges stemmed from an incident that occurred on March 21, 1986, involving a 10-year-old girl. More than one year later, the defendant was also indicted for the crimes of attempted rape in the first degree and endangering the welfare of a child under indictment No. 3701/87. This incident involved a different young girl and occurred on May 21, 1987. By order of the Supreme Court, Queens County (Browne, J.), dated October 13, 1987, the two indictments were consolidated into indictment No. 2165/86 pursuant to CPL 200.20 (2) (c) and (4) on the ground that the offenses were the same or similar in law. For the reasons that follow, we find that this constituted an abuse of discretion warranting reversal in the interest of justice.

Each of the two incidents which gave rise to the consolidated indictment in question was a separate and discrete criminal transaction. There was no testimony proffered that was common to both incidents. There was no factual representation that proof of either event would be material and admissible as evidence-in-chief upon the trial of the other (see, CPL 200.20 [2] [b]; cf., People v Molineux, 168 NY 264; People v Griffin, 132 AD2d 569). There was no question of identity (cf., People v Beam, 57 NY2d 241) since there were two eyewitnesses to the first incident who knew the defendant from the neighborhood, and the defendant was caught and held by witnesses to the second incident. Nor was any unique modus operandi established by the prosecution (cf., People v Allweiss, 48 NY2d 40; People v Clark, 129 AD2d 724). All requests for consolidation are permissive (CPL 200.20 [4]) and directed to the sound discretion of the trial court (see, People v Lane, 56 NY2d 1, 8). The standard for appellate review of the exercise of such discretion has been set forth in People v Lane

*(supra,* at 8): "Trial courts should generally weigh the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from unfair disadvantage. While the trial courts must be afforded reasonable latitude in exercising discretion in these matters, we emphasize that compromise of a defendant's fundamental right to a fair trial free of undue prejudice as the *quid pro quo* for the mere expeditious disposition of criminal cases will not be tolerated."

In these proceedings we find that the defendant's right to a fair trial was compromised *(see, People v Jackson,* 77 AD2d 630). While the Trial Judge had advised counsel on both sides to refer to the incidents separately, the prosecutor did not comply with the Trial Judge's directions but commingled the events in the presentation of her evidence-in-chief and repeatedly sought to join the two incidents during her summation in spite of the direction by the Trial Judge to desist. At the very outset of her summation, the prosecutor stated: "Some [people] sexually abuse children and attempt to rape them". When an objection to this remark was overruled, she continued: "The evidence in this case has shown you overwhelmingly that the defendant in this case is one of those people". Such an argument seeking to convince the jury to convict based upon a claimed propensity of the defendant to commit the crime was manifestly improper. Furthermore, the prosecutor repeatedly referred to the two victims and incidents jointly so as to reinforce any inclination of the jury to consider the evidence in a cumulative manner *(see, People v Yant,* 75 AD2d 653; *see generally, People v Sandoval,* 34 NY2d 371, 377-378) in spite of the direction by the Trial Judge to weigh the evidence separately.

The prosecution argues that the defendant has not preserved, as a matter of law, any claim as to the propriety of the order granting consolidation. The record as to that motion consists solely of a notice of motion, an affidavit from an Assistant District Attorney, and a short form order. Most puzzling is the fact that the order is dated approximately *five weeks before* the return date of the motion and indicates only that defense counsel opposed the motion. However, there is no doubt that defense counsel, in a motion for a mistrial following the prosecution summation, called the Trial Judge's attention to the improper commingling of the evidence. In any event, we find that the error committed herein was so egregious that we have reached it in the interest of justice.

Since the matters are being remitted for new trials, we

would note that the charge as to the defendant's failure to testify was improper (see, *People v Soto,* 146 AD2d 657; *People v Colon,* 143 AD2d 105; *People v Concepcion,* 128 AD2d 887) and should not be repeated on the retrials (see, 1 CJI[NY] 7.05).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.