■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CAPARELLA, Appellant. [920 NYS2d 384]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered December 1, 2009, convicting him of forcible touching, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Nassau County, for a new trial in accordance herewith.

The defendant was charged with two counts of sexual abuse in the third degree, three counts of criminal sexual act in the third degree, and one count of forcible touching arising from three separate incidents involving three male complainants. After a jury trial, the defendant was convicted of forcible touching related to the third complainant. There was a "hung jury" as to the remaining counts, which were eventually dismissed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant's pretrial motion for severance of the cases involving two of the complainants from the case involving the third (*see* CPL 200.20; *People v Lane*, 56 NY2d 1, 8-9 [1982]; *People v Montalvo*, 34 AD3d 600 [2006]; *People v Berta*, 213 AD2d 659, 660 [1995]; *cf. People v Shapiro*, 50 NY2d 747 [1980]). The Supreme Court directed that the evidence of each charge was to be separately presented, and the jurors were to be instructed that they must consider each count separate and apart from any other count.

However, in light of the prosecutor's improper comments, the defendant is entitled to a new trial. Indeed, although the jurors were properly instructed to consider each case separately, the prosecutor improperly combined the three incidents during opening, summation, and questioning of the witnesses (*see People v Sayers*, 64 AD3d 728, 733 [2009]; *People v Pinkas*, 156 AD2d 485, 486 [1989]; *People v Bonaparte*, 98 AD2d 778 [1983]). Defense counsel moved for a mistrial multiple times and, despite admonitions by the trial court, the prosecutor persisted. Hence, there was a substantial risk that the defendant was deprived of a fair trial (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Castillo*, 47 NY2d 270, 274 [1979]; *People v Pinkas*, 156 AD2d at 486).

The prosecutor made a comment revealing a statement made by the defendant upon his arrest, which had been suppressed by the Supreme Court, which could have led the jury to believe that the defendant had committed similar crimes in the past. The prosecutor also commented, "[it] didn't end with [the first victim], it didn't end with [the second victim], and certainly didn't start with [the third victim], you have the power, each and every one of you, to end it here with a verdict of guilty on each and every charge."

The prosecutor continually referred to the three complainants together. The prosecutor stated that the defendant "took advantage in each case of each man. Each man . . . all let their bodies, their trust, their vulnerability in the hands of one man, this defendant. And on three separate times he violated their trust."

Finally, the prosecutor stated, "[a]s you sat here throughout the trial you saw three very different men take that witness stand . . . But each one of them was brought together by one man, [the defendant]."

To the extent that claims as to any of the prosecutor's improper comments are not preserved for appellate review, we reach them as a matter of discretion in the exercise of our interest of justice jurisdiction (*see* CPL 470.05; *People v Medina*, 53 NY2d 951 [1981]; *People v Gordon*, 50 AD3d 821, 822 [2008]; *People v Almonte*, 23 AD3d 392, 394 [2005]; *see also People v Ortiz*, 69 AD3d 490, 491 [2010]). Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.