THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR QUILES, Appellant. [923 NYS2d 889]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (DiBella, J.), rendered August 31, 2007, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. By decision and order dated June 22, 2010, this Court remitted the matter to the Supreme Court, Westchester County, to hear and report on the defendant's challenge to the prosecutor's exercise of a peremptory challenge as to prospective juror Morant and held the appeal in abeyance in the interim (*see People v Quiles*, 74 AD3d 1241 [2010]). The Supreme Court, Westchester County, has now filed its report. Justice Florio has been substituted for former Justice Santucci (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

Upon remittitur, the Supreme Court properly concluded that the defendant's *Batson* challenge as to prospective juror Morant was not pretextual and, therefore, was without merit (*see Batson v Kentucky*, 476 US 79 [1986]).

The Supreme Court did not improvidently exercise its discretion in making its *Sandoval* ruling, and the defendant was not deprived of a fair trial by the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 374-375 [1974]), which, inter alia, permitted the People to ask the defendant about a prior burglary conviction and its underlying facts. The Supreme Court struck an appropriate balance between the probative value of the underlying facts of the defendant's prior crime and the possible prejudice to him (*see People v Grier*, 47 AD3d 729 [2008]; *People v Allan*, 41 AD3d 727 [2007]).

The defendant's contention that his conviction of burglary in the second degree was not supported by legally sufficient evidence is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless ac-

cord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court properly included the 518 days that the defendant spent in a temporary release program in the toll of the 10-year period under Penal Law § 70.06 when determining that the defendant was a persistent violent felony offender (*see People v Cagle*, 7 NY3d 647 [2006]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Florio, Belen and Hall, JJ., concur.