THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GROSS, Appellant. [931 NYS2d 129]—

The County Court providently exercised its discretion in making its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 374 [1974]), and the defendant was not deprived of a fair trial thereby. The ruling, inter alia, permitted the People to ask the defendant about a prior felony conviction and the sentence imposed thereon. The County Court struck an appropriate balance between the probative value of the underlying facts of the defendant's prior crime and the possible prejudice to him (*see People v Gray*, 84 NY2d 709, 712-713 [1995]; *People v Quiles*, 84 AD3d 1415 [2011]; *People v Allan*, 41 AD3d 727 [2007]). Moreover, where, as here, a defendant testifies about another prior conviction that the court, by its *Sandoval* ruling, had precluded, the defendant " 'opens the door' on the issue in question, and 'is properly subject to impeachment by the prosecution's use of the otherwise precluded evidence' " (*People v Rodriguez*, 85 NY2d 586, 591 [1995], quoting *People v Fardan*, 82 NY2d 638, 646 [1993]; *see People v Cooper*, 92 NY2d 968 [1998]).

The defendant's contention that he was entitled to an instruction on the affirmative defense of duress (*see* Penal Law § 40.00 [1]) is unpreserved for appellate review, as the defendant did not request such an instruction at trial (*see* CPL 470.05 [2]). In any event, the defendant's contention is without merit where, as here, the defendant denied any involvement in the subject robberies.

The defendant's challenge to certain remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant failed to object to the challenged remarks at trial (*see* CPL 470.05 [2]; *People v James*, 72 AD3d 844, 845 [2010]; *People v Wilson*, 71 AD3d 799, 800 [2010]). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Ariza*, 77 AD3d 844, 846 [2010]; *People v Torres*, 72 AD3d 709 [2010]).

The defendant's contention that the evidence was legally insufficient to support his conviction is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was afforded the effective assistance of counsel (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.