People v McClinton (2020 NY Slip Op 00879)





People v McClinton


2020 NY Slip Op 00879


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11633
 (Ind. No. 1725/13)

[*1]The People of the State of New York, respondent,
v
Kevin McClinton, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Merri Turk Lasky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered September 14, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, and determinate terms of imprisonment of 15 years on each conviction of criminal possession of a weapon in the second degree, with the sentence imposed on the conviction of criminal possession of a weapon in the second degree under count three of the indictment to run concurrently with the conviction of murder in the second degree, and the sentence imposed on the conviction of criminal possession of a weapon in the second degree under count four of the indictment to run consecutively to the sentences imposed on the convictions of murder in the second degree and criminal possession of a weapon in the second degree under count three of the indictment.
ORDERED that the judgment is modified, on the law, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant preserved his challenge to the legal sufficiency of the evidence supporting the convictions (see CPL 470.05[2]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the People did not violate their obligations under Brady v Maryland (373 US 83) by improperly withholding or delaying disclosure of information about five witnesses who either identified someone other than the defendant as a shooter of the victim or provided a description of the shooter's clothing that was inconsistent with the [*2]clothing worn by the defendant. Brady does not require that disclosure be made at any particular point in the proceedings, but only that it be made in time for the defense to use it effectively (see People v Perkins, 227 AD2d 572; People v White, 178 AD2d 674). The People provided the defendant with the names of four witnesses, as well as additional contact information or access to witnesses. The defense was afforded an opportunity to use the information, and there is no indication that earlier disclosure might have had any effect on the outcome of the trial (see People v Fuentes, 12 NY3d 259; People v Vilardi, 76 NY2d 67; People v White, 178 AD2d 674). A fifth witness identified the codefendant as the shooter, and this witness was never disclosed. However, because the defendant was charged with murder in the second degree on an acting-in-concert theory (see People v Wright, 43 AD3d 1359), there is no reasonable possibility that disclosure of that witness would have changed the outcome of the trial (see People v Fuentes, 12 NY3d at 263-265; People v Vilardi, 76 NY2d 67).
The defendant's contention that he was deprived of a fair trial because the prosecutor introduced inflammatory evidence about the background of the victim, who was 14 years old at the time of the incident, and graphic descriptions of her fatal head wound is unpreserved for appellate review because he failed to object at the time the evidence was introduced (see CPL 470.05[2]). In any event, to the extent any of the evidence was not relevant to a material fact to be proved at trial, any error was harmless as there was no significant probability that the error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242). Furthermore, on the whole, the prosecutor properly elicited evidence during the trial that was probative of the defendant's guilt and not so prejudicial as to deprive the defendant of a fair trial (see People v Scarola, 71 NY2d 769, 777; People v Alvino, 71 NY2d 233).
The defendant's contention that he was deprived of a fair trial by remarks made by the prosecutor during her opening and closing statements is without merit. The prosecutor's comments during her opening statement properly outlined the evidence that she planned to introduce at trial (see CPL 260.30[3]; People v Kurtz, 51 NY2d 380, 384; People v Celdo, 291 AD2d 357; People v Etoria, 266 AD2d 559). In addition, the prosecutor properly used her summation to comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), to respond to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or to make permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 831). To the extent that the prosecutor exceeded the bounds of permissible rhetorical comment, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d at 241-242; People v Torres, 72 AD3d 709).
The Supreme Court did not improvidently exercise its discretion in admitting into evidence two autopsy photographs of the victim. The challenged photographs were introduced during the medical examiner's testimony and were neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (see People v Wood, 79 NY2d 958, 960; People v Pobliner, 32 NY2d 356, 369-370; People v Harrington, 88 AD3d 817). Rather, they were relevant to elucidate the testimony of the medical examiner (see People v Fletcher, 84 AD3d 1265; People v Redmon, 81 AD3d 752; People v Sampson, 67 AD3d 1031) with regard to the manner of the victim's death. Moreover, notwithstanding that the defendant did not contest the cause of death, "the People were . . . still required to prove their case beyond a reasonable doubt and present relevant material evidence as to [each] element of the charged crime'" (People v White, 79 AD3d 1460, 1463, quoting People v Hills, 140 AD2d 71, 80).
We agree with the defendant that the sentencing court could not lawfully direct that the sentence imposed upon one of the convictions of criminal possession of a weapon in the second degree run consecutive to the sentence imposed upon the conviction of murder in the second degree. As the defendant correctly contends, it is impossible, based on the indictment or the trial court's charge, to determine whether the act that formed the basis of the jury's verdict on the criminal possession of a weapon in the second degree counts was not the basis for its conviction on the murder in the second degree count. Therefore, the People have failed to meet their burden of proving [*3]the validity of consecutive sentences (see People v Frederick, 14 NY3d 913; People v Alford, 14 NY3d 846; People v Parks, 95 NY2d 811; People v Rodriguez, 79 AD3d 644, affd 18 NY3d 667). Accordingly, we modify the judgment so as to provide that all of the sentences imposed shall run concurrently with each other. The sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court