People v Branch (2020 NY Slip Op 05220)





People v Branch


2020 NY Slip Op 05220


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05106
 (Ind. No. 10124/16)

[*1]The People of the State of New York, respondent,
v
Steven Branch, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Eunice Villantoy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered April 27, 2017, convicting him of criminal possession of a firearm, criminal possession of a controlled substance in the seventh degree (two counts), criminally using drug paraphernalia in the second degree, unlawful possession of pistol ammunition, and possession or disposition of an unpermitted rifle or shotgun (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by vacating the convictions of criminal possession of a firearm and possession or disposition of an unpermitted rifle or shotgun (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
On January 15, 2016, police officers executed a search warrant to look for narcotics and related paraphernalia in an apartment where the defendant resided. In the first bedroom, the officers found a 9 millimeter Taurus pistol and a loaded magazine for that pistol. The pistol was found in a shoe box inside the closet. Also inside the closet, the officers found a large black bag containing a 20 gauge Winchester shotgun, a .22 caliber Ruger rifle, and 12 20 gauge shotgun cartridges. The pistol, shotgun, and rifle were later found to be operable. The defendant, who resided in the third bedroom of the apartment, was convicted, after a nonjury trial, of, inter alia, criminal possession of a firearm and possession or disposition of an unpermitted rifle or shotgun (two counts). On appeal, the defendant contends that those convictions were against the weight of the evidence.
"Upon [a] defendant's request, the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348). "If a finding in favor of the defendant would not have been unreasonable, then this Court 'must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions'" (People v Curry, 112 AD3d 843, 844, quoting People v Danielson, 9 NY3d at 348). "Once this Court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted" (People v Curry, 112 AD3d at 844). If the factfinder failed to give the evidence the weight it should be accorded, then this Court must dismiss the [*2]accusatory instrument or any reversed count (see CPL 470.20[5]; People v Romero, 7 NY3d 633, 643-644; People v Mateo, 2 NY3d 383, 410).
Here, the People contended at trial that the defendant constructively possessed the weapons. "To support a charge that a defendant was in constructive possession of tangible property, the People must show that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found" (People v Williams, 170 AD3d 1046, 1047; see Penal Law § 10.00[8]; People v Muhammad, 16 NY3d 184, 188; People v Manini, 79 NY2d 561, 573). "Constructive possession may be established by direct evidence or by circumstantial evidence with inferences drawn from the facts presented in the case" (People v Skyles, 266 AD2d 321, 322; see People v Williams, 170 AD3d at 1047).
Upon the exercise of our factual review power (see CPL 470.15), we determine that an acquittal on the charges of criminal possession of a firearm and possession or disposition of an unpermitted rifle or shotgun (two counts) would not have been unreasonable, and further, that the verdict of guilt with respect to those charges was against the weight of the evidence. The evidence demonstrated that the defendant resided in the third bedroom of the searched premises, and that the defendant's brother had resided in the first bedroom up until his death in 2014 or 2015. There was also testimony that, after the defendant's brother passed away, the door to the first bedroom was locked and remained locked. There was no evidence that the defendant frequented the first bedroom, had a key to that room or kept his belongings in that room. Although the police witnesses testified that they could not recall any damage to the door to the first bedroom, the defense introduced a photograph depicting damage to the door and frame after the search.
Moreover, although the police officers recovered a magazine containing seven 9 millimeter cartridges from the defendant's bedroom, the evidence demonstrated that it was not the correct magazine for the pistol recovered from the first bedroom; it had to be manipulated in order to function properly with the pistol. Apart from the magazine, there was no other evidence connecting the defendant to the first bedroom or the weapons found therein.
In light of, inter alia, this evidence, we find that the defendant's convictions of criminal possession of a firearm and possession or disposition of an unpermitted rifle or shotgun (two counts) were against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
In light of our determination, we do not reach the defendant's remaining contention.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court