People v Abellard (2020 NY Slip Op 08072)





People v Abellard


2020 NY Slip Op 08072


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


[*1]The People of the State of New York, respondent,
v
Jimmy Abellard, appellant. John R. Lewis, Sleepy Hollow, NY, for appellant.


Thomas E. Walsh II, District Attorney, New City, NY (Marissa L. Licata and Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered February 14, 2017, convicting him of assault in the third degree and menacing in the second degree, upon a jury verdict, and imposing a definite term of imprisonment of one year for each of the convictions with the sentences to run concurrent to each other.
ORDERED that the judgment is modified, on the law, (1) by vacating the conviction of menacing in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) by reducing the sentence imposed on the conviction of assault in the third degree to a definite term of imprisonment of 364 days; as so modified, the judgment is affirmed.
After a jury trial, the defendant was convicted of one count of assault in the third degree and one count of menacing in the second degree arising out of a verbal and physical altercation between the defendant and a cab driver in Rockland County. The defendant was sentenced to one year of imprisonment for each of the convictions with the sentences to run concurrent to each other.
Contrary to the defendant's contention, his conviction of assault in the third degree was not against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable" (People v Danielson, 9 NY3d 342, 348; see People v Romero, 7 NY3d 633, 643-644; People v Bleakley, 69 NY2d 490, 495). The People concede that an acquittal would not have been unreasonable in this case. Thus, this Court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence, and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d at 348; see People v Romero, 7 NY3d at 643-644; People v Bleakley, 69 NY2d at 495). Here, upon review of the record, we are satisfied that the verdict of guilt of assault in the third degree is not against the weight of the evidence (see People v Romero, 7 NY3d at 644). The credible evidence established each of the elements of assault in the third degree beyond a reasonable doubt, and also established that the defendant was the initial [*2]aggressor, which disproved the defendant's justification defense beyond a reasonable doubt (see People v Rosario, 169 AD3d 1066, 1066; People v Williams, 112 AD2d 176, 177).
However, we agree with the defendant that the evidence was legally insufficient to establish that he committed the crime of menacing in the second degree. A person is guilty of that crime, inter alia, when he "intentionally places or attempts to place another person in reasonable fear of physical injury . . . by displaying a deadly weapon [or] dangerous instrument" (Penal Law § 120.14[1]). The victim testified that the defendant was not holding the knife in a menacing manner. Moreover, viewing the evidence in the light most favorable to the People, the evidence does not establish that the defendant's holding of the knife placed the victim in fear of physical injury (see Matter of Ashley C., 59 AD3d 715, 715-716; see also People v Jones, 139 AD3d 878). Accordingly, we vacate the defendant's conviction of menacing in the second degree and the sentence imposed thereon and dismiss that count of the indictment.
The People concede that, as a matter of law, the maximum sentence for assault in the third degree is 364 days and thus the defendant's sentence for that crime should be reduced to 364 days (see Penal Law § 70.15[1-a][c]; People v Williams, 64 Misc 3d 37, 38 [App Term, 1st Dept]).
In light of our determination, we need not reach the defendant's remaining contention.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court