People v Kingsberry (2021 NY Slip Op 03054)





People v Kingsberry


2021 NY Slip Op 03054


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2016-02905
 (Ind. No. 3289/14)

[*1]The People of the State of New York, respondent,
v
Victorious Kingsberry, appellant.


Mischel & Horn, P.C., New York, NY (Richard E. Mischel and Gail Jacobs of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered March 7, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the Supreme Court should have given an accomplice corroboration charge as to two witnesses (see CPL 470.05[2]; People v Montero, 100 AD3d 1555, 1556; People v Curry, 52 AD3d 731). In any event, an accomplice corroboration charge was not warranted (see CPL 60.22; People v Jones, 73 NY2d 902, 903; People v Potts, 49 AD3d 782; People v Edwards, 28 AD3d 491, 492).
The defendant failed to preserve for appellate review his contention that certain Facebook photos and messages were not properly authenticated (see CPL 470.05[2]). In any event, contrary to the defendant's contention, the Facebook account was properly authenticated as belonging to him. "[A]uthenticity is established by proof that the offered evidence is genuine and that there has been no tampering with it. The foundation necessary to establish these elements may differ according to the nature of the evidence sought to be admitted" (People v McGee, 49 NY2d 48, 59 [citation omitted]; see People v Price, 29 NY3d 472, 476). Here, a Facebook representative gave testimony linking the Facebook unique identifier to both the user name and vanity name provided [*2]when the account was created. A witness who had known the defendant since grade school testified that he communicated almost daily with the defendant via that identified account and vanity name. Thus, the photos and messages from the Facebook account were properly authenticated as belonging to the defendant (see People v Robinson, 187 AD3d 1216, 1217; People v Franzese, 154 AD3d 706, 706-707; People v Pierre, 41 AD3d 289, 291).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's comments during the opening statement and summation is unpreserved for appellate review because he failed to object to the remarks at issue (see CPL 470.05[2]). In any event, the defendant's contention is without merit. Most of the prosecutor's comments made during the opening statement served to outline the evidence that the People planned to present at trial (see CPL 260.30[3]; People v Kurtz, 51 NY2d 380; People v McClinton, 180 AD3d 712, 714). Furthermore, most of the challenged comments made by the prosecutor during summation constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), were responsive to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 831). To the extent that some of the prosecutor's opening or summation comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Bethea, 159 AD3d 710, 712; People v Nanand, 137 AD3d 945; People v Roscher, 114 AD3d 812, 813; People v Jackson, 108 AD3d 1079, 1080).
The defendant was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 146-147).
The sentence imposed was not excessive (see People v Suitte, 90 AD 80).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court