People v Bensabeur (2024 NY Slip Op 01723)

People v Bensabeur

2024 NY Slip Op 01723

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2019-04948
 (Ind. No. 2037/18)

[*1]The People of the State of New York, respondent,
v
Sammy Bensabeur, appellant.

Patricia Pazner, New York, NY (Chelsey Amelkin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered April 9, 2019, convicting him of burglary in the second degree as a sexually motivated felony, attempted rape in the first degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.
ORDERED that the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed.
For his actions of, inter alia, forcing himself inside the complainant's home, pushing her onto a couch, pushing up her dress, attempting to pull down her pantyhose, and slapping her, then unzipping his pants and exposing and stroking his penis while positioned on top of her, the defendant was convicted of burglary in the second degree as a sexually motivated felony and attempted rape in the first degree. The defendant was also convicted of unlawful possession of marihuana, which was recovered from his person pursuant to a search incident to his arrest.
The defendant's conviction of unlawful possession of marihuana became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court (see CPL 160.50[5]; People v Carlton, 218 AD3d 790, 792; People v Hay, 207 AD3d 748, 749). Consequently, the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana must be dismissed as academic (see People v Clements, 221 AD3d 1023, 1024).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's comments during the opening statement and summation is mostly unpreserved for appellate review because he failed to object to the majority of the remarks at issue (see CPL 470.05[2]). In any event, the defendant's contention is without merit. Most of the prosecutor's comments made during the opening statement served to outline the evidence that the People planned to present at trial (see id. § 260.30[3]; People v Kurtz, 51 NY2d 380; People v Kingsberry, 194 AD3d 843, 844-845; People v McClinton, 180 AD3d 712, 714). Furthermore, most of the [*2]challenged comments made by the prosecutor during summation constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), were responsive to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or were permissible rhetorical comment (see People v Ashwal, 39 NY2d at 109-110; People v Herb, 110 AD3d at 831). To the extent that some of the prosecutor's opening or summation comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Kiarie, 198 AD3d 814, 815; People v Bethea, 159 AD3d 710, 712; People v Nanand, 137 AD3d 945; People v Roscher, 114 AD3d 812, 813).
The defendant's contention that negative identification evidence was improperly admitted is unpreserved for appellate review (see CPL 470.05[2]; People v Wilder, 93 NY2d 352), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (see People v Garcia, 270 AD2d 498, 499).
The defendant was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 146-147).
Finally, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court