People v Law (2024 NY Slip Op 05159)

People v Law

2024 NY Slip Op 05159

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

112901
[*1]The People of the State of New York, Respondent,
v
Laura K. Law, Appellant.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Angela Kelley, East Greenbush, for appellant.
Lorraine C. Diamond, District Attorney, Fonda (Manpreet Kaur of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Montgomery County (Lisa W. Lorman, J.), rendered June 5, 2020, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts) and conspiracy in the fourth degree.
In October 2019, defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and one count of conspiracy in the fourth degree stemming from the sale of controlled substances to a confidential informant (hereinafter the CI) on two separate days in December 2018. After an unsuccessful CPL 30.30 (1) (a) motion, a jury trial ensued and defendant was found not guilty of one count of criminal possession of a controlled substance and convicted of the remaining counts. Defendant was thereafter sentenced to concurrent prison terms of three years, to be followed by one year of postrelease supervision, for the criminal sale of a controlled substance and criminal possession of a controlled substance convictions, and a lesser concurrent term on the conviction for conspiracy in the fourth degree. Defendant appeals.
Defendant contends that the verdict as to the count charging conspiracy in the fourth degree is based on legally insufficient evidence and is against the weight of the evidence because the People failed to establish that defendant was in a joint operation with the individuals in her shared residence. To establish conspiracy in the fourth degree, the People were required to prove, as relevant here, that, "with intent that conduct constituting . . . a class B or class C felony[, such as criminal sale of a controlled substance in the third degree (see Penal Law § 220.39 [1]),] be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.10 [1]). "A person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy" (Penal Law § 105.20). Finally, "[a] person is guilty of criminal sale of a controlled substance in the third degree when he [or she] knowingly and unlawfully sells . . . a narcotic drug" (Penal Law § 220.39 [1]).
The testimony demonstrates that the CI, working with the Fort Plain Police Department, engaged in two controlled buys from defendant. An audio recording was admitted into evidence on which it can be heard that, during the first controlled buy, on December 10, 2018, the CI asked a female, who he identified as defendant, whether she had any "tabs or percs." She stated that she didn't and instead offered "food," which the testimony demonstrates is a street term for heroin. The CI stated he had $100, and defendant replied that the amount could get him a "bunny," which the testimony demonstrates refers to [*2]a "bundle" or 10 bags of heroin. Defendant then told the CI to "give him five minutes to package it up" (emphasis added) and followed it up with "I got to get him his container" (emphasis added). Defendant then asked this other person whether he had something else he could use because she was unable to find a container to help him package the heroin. A male voice, which the record demonstrates was defendant's boyfriend, can then be heard in the background saying, "I got it." After the CI received the heroin, he said, "its small . . . if you make them bigger, I will be back for more." Defendant responded by telling the CI that "he is one of the cool dudes . . . and I'll tell him you said they are small."
Based on the foregoing, when construing the evidence in the light most favorable to the People as we must, a rational person could conclude that defendant and the boyfriend agreed to perform conduct constituting the class B felony of criminal sale of a controlled substance in the third degree (see Penal Law§ 220.39 [1]), and that defendant committed an overt act in furtherance of the conspiracy by agreeing to sell the CI heroin, accepting the money from him and then asking the boyfriend to package up the heroin, which he did, prior to defendant giving the heroin to the CI (see People v Turner, 178 AD3d 70, 74 [3d Dept 2019]; compare People v Moreno, 193 AD3d 881, 884 [2d Dept 2021], lv denied 37 NY3d 967 [2021]). The conspiracy between defendant and the boyfriend did not have to be verbally expressed to be legally formed, as an agreement can "be established inferentially by circumstances indicating that defendant engaged in a common effort or acted in concert with others to achieve a common goal" (People v Givens, 181 AD2d 1031, 1031 [4th Dept 1992], lv denied 79 NY2d 1049 [1992]). As to the weight of the evidence, although a different verdict would not have been unreasonable, when viewing all of the evidence in a neutral light and deferring to the jury's credibility determinations, we find that the weight of the credible evidence supports the verdict as to the count of conspiracy in the fourth degree (see People v Turner, 178 AD3d at 74).
Defendant also argues that County Court improperly denied her CPL 30.30 motion. Specifically, defendant's primary assertion is that the People's statement of readiness (hereinafter SOR), originally stated on the record on November 8, 2019, reverted to a state of unreadiness after the discovery reform took effect (see CPL art 245), on January 1, 2020, and thus, the People's additional 15-day delay — to file the initial certificate of compliance (hereinafter COC) and subsequent SOR on January 16, 2020 — resulted in a 192-day delay; a violation of her statutory right to a speedy trial (see CPL 30.30 [1] [a]).[FN1] After the submission of the parties' briefs, the Court of Appeals confronted the exact scenario at issue here — i.e., "whether amendments to the CPL imposing additional requirements that the People must fulfill [*3]before announcing their readiness for trial apply where the People declared ready for trial before the amendments' effective date" (People v King, ___ NY3d ___, ___, 2024 NY Slip Op 03322, *1 [June 18, 2024]). In People v King, the Court of Appeals held that "[t]here is no evidence, in the plain language of the amendments or the legislative history, that the legislature intended to — or did — revert the People to a state of unreadiness on January 1, 2020" (id. at *2). Thus, in a case — such as this — that was pending prior to January 1, 2020, where the People had already filed a valid readiness statement, they did not revert back to a state of unreadiness on January 1, 2020, and were under no obligation to comply with the newly-enacted COC requirement (id.). Here, defendant does not appear to attack the validity of the People's November 8, 2019 SOR or County Court's calculation of 177 days chargeable to the People — representing the period of May 14, 2019, when the felony complaints were filed and the November 8, 2019, declaration of readiness; instead, she focuses her attention on the January 1, 2020 discovery reforms — in particular the discovery and COC requirements. Given that the People declared their readiness for trial prior to January 1, 2020 — and such declaration is unchallenged by defendant — this case falls directly within the ambit of the Court of Appeals' recent holding in King (id. at *2). As such, County Court did not err in denying defendant's CPL 30.30 motion.
Related to her speedy trial argument, defendant contends that a March 6, 2020 disclosure of impeachment material pertaining to the CI resulted in a Brady violation, for which County Court should have imposed a sanction. "To establish a Brady violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Roundtree, 220 AD3d 1049, 1052 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 41 NY3d 985 [2024], citing People v Slivienski, 204 AD3d 1228, 1239 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). Here, the delayed discovery relating to the CI was impeaching in nature, however, the record is devoid of any evidence that the People purposefully suppressed the material or that defendant was prejudiced by the delayed disclosure, thus failing to demonstrate all the elements for a Brady violation (see People v Campbell, 182 AD3d 1004, 1006 [4th Dept 2020], lv denied 35 NY3d 1043 [2020]; People v McClinton, 180 AD3d 712, 713 [2d Dept 2020], lv denied 35 NY3d 1028 [2020]). Stated differently, "Brady does not require that disclosure be made at any particular point in the proceedings, but only that it be made in time for the defense to use it effectively" (People v McClinton, 180 AD3d at 713 [citations omitted]; see People v Jordan, 154 AD3d 1176, 1178 [*4][3d Dept 2017]; People v McKee, 269 AD2d 225, 225 [1st Dept 2000], lv denied 94 NY2d 950 [2000]), which is the scenario here. Accordingly, we discern no error in County Court finding that there was no Brady violation.
Defendant's remaining contentions are unpreserved given the failure to raise objections on the grounds now raised on appeal (see generally People v Paul, 202 AD3d 1203, 1208 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Abussalam, 196 AD3d 1000, 1008 [3d Dept 2021], lv denied 37 NY3d 1144 [2021]; People v Campbell, 259 AD2d 447, 447 [1st Dept 1999], lv denied 93 NY2d 1015 [1999]), and we decline defendant's request to exercise our interest of justice jurisdiction in relation to these arguments.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant, in her reply brief, abandons her prior constitutional speedy trial challenge.