People v Profit (2025 NY Slip Op 01953)

People v Profit

2025 NY Slip Op 01953

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2019-01666
 (Ind. No. 7846/17)

[*1]The People of the State of New York, respondent,
v
Christopher Profit, appellant.

Patricia Pazner, New York, NY (Elijah Giuliano and Chelsey Amelkin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joanne D. Quinones, J.), rendered December 18, 2018, convicting him of rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the verdict of guilt was not against the weight of the evidence. "Weight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable" (People v Ford, 233 AD3d 891, 893 [alteration and internal quotation marks omitted]; see People v Abellard, 189 AD3d 1605, 1606). An acquittal would not have been unreasonable here, so this Court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Branch, 186 AD3d 1705, 1706 [internal quotation marks omitted]). "Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Abellard, 189 AD3d at 1606 [internal quotation marks omitted]). However, "[g]reat deference is accorded to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor" (People v Ford, 233 AD3d at 893; see People v Ruiz, 228 AD3d 785, 785). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Perez, 168 AD3d 988, 988).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's comments during the opening statement and summation is mostly unpreserved for appellate review because he failed to object to a majority of the comments at issue or move for a mistrial on that ground (see CPL 470.05[2]; People v Robinson, 228 AD3d 960, 961; People v Bensabeur, 225 AD3d 891, 892). To the extent that this contention is unpreserved for appellate review, we decline to reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Dawson, 178 AD3d 719, 720).
As to the prosecutor's comments to which the defendant objected, thus preserving the issues now raised for appellate review, most of the prosecutor's comments made during the opening statement served to outline the evidence that the People planned to present at trial (see People v Kingsberry, 194 AD3d 843, 844; People v McClinton, 180 AD3d 712, 714). "Furthermore, most of the challenged comments made by the prosecutor during summation constituted fair comment on the evidence, [or] were responsive to arguments and theories presented in defense counsel's summation" (People v Milburn, 226 AD3d 927, 929 [citations omitted]; see People v Gurdon, 153 AD3d 1430, 1431). Nor did the prosecutor's summation improperly shift the burden of proof to the defendant (see People v Cantoni, 140 AD3d 782, 787; People v Singh, 128 AD3d 860, 863). Thus, the jury, which was presumed to follow the court's instructions (see People v Stone, 29 NY3d 166, 171; People v Adorno, 210 AD3d 113, 126), cannot be deemed to have been unfairly swayed.
The defendant's contention that the two counts of endangering the welfare of a child should be dismissed because they were time-barred is unpreserved for appellate review (see CPL 470.05[2]), as the general motion to dismiss made by defense counsel was not specific enough to preserve this issue (see People v Costa, 222 AD3d 775, 775). We decline to reach the issue in the exercise of our interest of justice jurisdiction (see People v Schellenbach, 67 AD3d 712, 713). Further, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for why defense counsel did not object to the endangerment charges as time-barred; therefore, defense counsel was not ineffective for failing to raise that objection (see People v Ambers, 26 NY3d 313, 319; People v Evans, 16 NY3d 571, 576).
Accordingly, we affirm the judgment.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court