People v Macas (2025 NY Slip Op 02797)

People v Macas

2025 NY Slip Op 02797

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-01032
 (Ind. No. 1268/18)

[*1]The People of the State of New York, respondent,
v
Olger Macas, appellant.

Samuel Coe, White Plains, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered January 9, 2020, convicting him of rape in the first degree, sexual abuse in the first degree, rape in the third degree, and criminal contempt in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the verdict of guilt was not against the weight of the evidence. "Weight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable" (People v Ford, 233 AD3d 891, 893 [alteration and internal quotation marks omitted]; see People v Abellard, 189 AD3d 1605, 1606). An acquittal would not have been unreasonable here, so this Court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Branch, 186 AD3d 1705, 1706 [internal quotation marks omitted]). "Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Abellard, 189 AD3d at 1606 [internal quotation marks omitted]). However, "[g]reat deference is accorded to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor" (People v Ford, 233 AD3d at 893; see People v Ruiz, 228 AD3d 785, 785). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Perez, 168 AD3d 988, 988).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution, since, viewing defense counsel's performance in its totality, counsel provided meaningful representation (see People v Debillis, 40 NY3d 431, 436). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's contention that the Supreme Court erred in allowing the People to confer with a witness during trial is unpreserved for appellate review (see People v Larregui, 164 AD3d 1622, 1624) and, in any event, without merit (see People v Branch, 83 NY2d 663, 667; Matter [*2]of Isaiah D., 127 AD3d 1184, 1185).
Accordingly, we affirm the judgment.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court