People v Manning (2025 NY Slip Op 03738)

People v Manning

2025 NY Slip Op 03738

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2019-07237
 (Ind. No. 2556/15)

[*1]The People of the State of New York, respondent,
v
Sherman Manning, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Rebecca Nealon, and Amanda Iannuzzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered June 4, 2019, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of one count of murder in the second degree (Penal Law § 125.25[1]), two counts of criminal possession of a weapon in the second degree (id. § 265.03[1][b]; [3]), and one count of menacing in the second degree (id. § 120.14[1]), arising from the shooting death of an employee of a rival drug dealer in Ozone Park and the menacing of an employee of a different rival drug dealer approximately six hours before the murder in the same neighborhood.
The defendant contends that the verdict of guilt on the counts of murder in the second degree and criminal possession of a weapon in the second degree was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The fact that one of the People's witnesses had an unsavory background and testified pursuant to a cooperation agreement did not render his testimony incredible (see People v Bernard, 100 AD3d 916, 916-917). Any inconsistencies in the testimony were fully explored by defense counsel and presented questions of fact for the fact-finder, to be determined, not only from the words, but also from the demeanor, interest, and motives of the witnesses (see People v Thompson, 175 AD3d 515, 516). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see People v Gaimari, 176 NY 84, 84; People v Douglas, 17 AD3d 380, 381).
Two offenses are properly joinable in the same indictment when they are based upon different criminal transactions and "are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (CPL 200.20[2][b]), or they "are defined by the same or similar statutory provisions and consequently are the same or similar in law" (id. § 200.20[2][c]). A defendant may seek severance of counts joined under paragraph (c) "in the interest of justice and for good cause shown" (id. § 200.20[3]). Good cause exists where, inter alia, there is "[s]ubstantially more proof on one or more such joinable offenses than on others and there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (id. § 200.20[3][a]). However, where counts are properly joined under paragraph (b), a court does not have the authority to sever the counts (see People v Bongarzone, 69 NY2d 892, 895).
The Supreme Court properly denied the defendant's motion pursuant to CPL 200.20 to sever the count of menacing in the second degree from the remaining counts in the indictment. The joinder of the counts in a single indictment was proper in order to complete the narrative of all the events charged in the indictment and to provide necessary background information (see People v Smith, 187 AD3d 941, 943). As the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20(2)(b), the court lacked the statutory authority to sever them (see id. § 200.20[3]; People v Bongarzone, 69 NY2d at 895; People v Tyme, 222 AD3d 783).
The defendant's contention that the Supreme Court erred in failing to give a limiting instruction during the testimony about the count of menacing in the second degree or during the charge to the jury is unpreserved for appellate review (see CPL 470.05[2]), as he failed to request such an instruction. In any event, the contention is without merit. The court's charge to the jury was comprehensive and adequately "indicated the independent nature of the crimes and the jury's obligation to consider them separately" (People v Goodfriend, 64 NY2d 695, 697; see People v Franzese, 154 AD3d 706, 707-708; cf. People v Caparella, 83 AD3d 730, 731).
Contrary to the defendant's contention, the evidence of a prior uncharged robbery was properly admitted as relevant background material to enable the jury to understand the defendant's motive in the commission of the charged crimes (see People v Molineux, 168 NY 264; People v Nanand, 137 AD3d 945, 947). Moreover, the Supreme Court's limiting instructions to the jury ensured that the probative value of the evidence outweighed any prejudice to the defendant (see People v Rock, 65 AD3d 558, 558-559.
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's comments during the opening statement and summation is largely unpreserved for appellate review because he failed to object to most of the comments at issue or move for a mistrial on that ground (see CPL 470.05[2]; People v Profit, _____ AD3d _____, 2025 NY Slip Op 01953; People v Robinson, 228 AD3d 960, 961). In any event, the defendant's contention is without merit. Most of the prosecutor's comments made during the opening statement served to outline the evidence that the People planned to present at trial (see CPL 260.30[3]; People v Kurtz, 51 NY2d 380, 384; People v McClinton, 180 AD3d 712, 714). Furthermore, most of the challenged comments made by the prosecutor during summation constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Herb, 110 AD3d 829, 831), were responsive to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or were permissible rhetorical comment (see People v Kingsberry, 194 AD3d 843, 844-845). To the extent that some of the prosecutor's comments during the opening statement or summation were improper, they were not so pervasive or egregious as to have deprived the defendant of a fair trial (see People v Bethea, 159 AD3d 710, 712).
The defendant's remaining contention is without merit.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court